IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELANIE LEE TIPPS,<br>    Plaintiff, | § § § | |
| v. | § § | Civil Action No. 5:12-cv-00766-OLG |
| TEXAS DEPARTMENT<br>OF PUBLIC SAFETY, et al.,<br>    Defendants. | § § § § | |

### DEFENDANTS KOSMALSKI AND ZARATE'S
### PARTIAL MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Jospeh Kosmalski (Kosmalski) and Rudy Zarate (Zarate) submit this partial motion to dismiss Plaintiff's Texas state law claims against them. In support of this motion, Kosmalski and Zarate offer the following:

**I.**
**Statement of the Case**

Plaintiff Melanie Lee Tipps (Tipps) brings this civil lawsuit pursuant to 42 U.S.C. § 1983. D.E. 1. Tipps sues DPS, and DPS Troopers Rudy Zarate and Joseph Komalski for alleged violations of her constitutional rights. Id. Specifically, Tipps contends Trooprs Zarate and Komalski falsely arrested her in violation of the Fourth and Fourteenth Amendments. Id. at 5. In addition, she alleges Troopers Zarate and Komalski's actions amounted to false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Id. at 7-9.

Tipps contends DPS had prior knowledge that Troopers Zarate and Komalski were unfit law enforcement officials but took no corrective or remedial action. Id. She also avers DPS promulgated policies and practices that placed the civil rights of persons with whom they came in contact at great risk of harm. Id. at 6.

To redress her alleged injuries, Tipps seeks compensatory and exemplary damages. Id. at 10. She also requests attorneys' fees and costs. D.E. 1.

On August 21, 2012, Troopers Kosmalski and Zarate were served. D.E. 4. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Troopers Kosmalski and Zarate timely file this partial motion to dismiss.

## II.
## Tipps fails to overcome Kosmalski and Zarate's official immunity because Franka bars her Texas state law claims.

Tipps sues Kosmalski and Zarate for alleged violates of Texas state law. Specifically, she contends Kosmalski and Zarate's conduct constitutes false imprisonment, malicious prosecution, and the intentional infliction of emotional distress. D.E. 1, 7-9. Tipps alleges that Kosmalski and Zarate's complained-of behavior was performed within the scope of their authority as DPS Troopers.

Texas law provides that "[g]overnment employees are entitled to official immunity from suit arising from performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." Hart v. O'Brien, 127 F.3d 424, 450 (5th Cir.1997) (citing City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.1994)); Wren v. Towe, 130 F.3d 1154, 1160 (5th Cir.1997). "Official immunity in Texas is substantially the same as qualified immunity under federal law," and requires that the officials' activities be taken in good faith, i.e., are objectively reasonable. Hart, 127 F.3d at 450.

Tipps's Texas state law claims are intentional tort claims that are barred by Franka v. Velasquez. 332 S.W.3d 367 (Tex. 2011). Because Tipps fails to state actionable state law claims against Kosmalski and Zarate, she fails to overcome their entitlement to official immunity and her state law claims must be dismissed.

Section 101.106 of the Texas Civil Procedures & Remedies Code – a provision of the Texas Tort Claims Act (TTCA) – forecloses any state tort claim brought by Tipps against Kosmalski and Zarate in this case. Section 101.106(f) provides that if a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. TEX. CIV. PRAC. & REM. CODE § 101.106(f); Franka, 332 S.W.3d ay 369-85. Upon the employee's motion, the suit against the employee must be dismissed unless the plaintiff amends and substitutes the governmental unit in the place of the employees on or before the 30th day after the date the motion is filed. Id.

In Franka, the Texas Supreme Court explained that the rule set out in § 101.106(f) applied regardless of whether sovereign immunity would ultimately bar the claim against the governmental unit. The effect of the Court's holding was to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." Franka, 332 S.W.3d at 381. Though this cuts off an avenue for recovery for plaintiffs, this result, the Court held, is exactly what the legislature intended. The Court noted that in waiving governmental immunity for the governmental unit, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." Id. at 384. In so holding, the Court also noted that the Legislature's intent mirrored that of Congress when it passed the federal Westfall Act, which likewise foreclosed tort actions against federal employees in their individual capacities. Id. at 384-85.

The doctrine announced in Franka has now been applied by courts to bar tort actions brought against state employees. Bordges v. City of Flower Mound, 2011 WL 5600339, *5-6 (E.D. Tex. 2011). All tort claims, including intentional torts, based on conduct within the general scope of that

employee's employment "could have been brought" against the governmental unit, and are therefore barred against individual employees.  Id; Franka, 332 S.W.3d at 385.

In her complaint, Tipps alleges that all conduct forming the basis of her state law claims against Kosmalski and Zarate was within the scope of their employment as DPS Troopers. Accordingly, the Franka doctrine applies.

Because Tipps fails to state actionable state law claims, she fails to overcome Kosmalski and Zarate's entitlement to official immunity.  Thus, Kosmalski and Zarate ask that the Court dismiss with prejudice her claims against them**.**

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HIDGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **KAREN D. MATLOCK**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        */s/* SHANNA ELIZABETH MOLINARE
        **SHANNA ELIZABETH MOLINARE**
        Assistant Attorney General
        Attorney-In-Charge
        State Bar No. 24041506

        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463-2080 (Phone No.)
        (512) 495-9139 (Fax No.)

        **ATTORNEYS FOR DEFENDANTS KOSMALSKI AND ZARATE**

## NOTICE OF ELECTRONIC FILING

I, **SHANNA ELIZABETH MOLINARE**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Kosmalski and Zarate's Partial Motion to Dismiss** in accordance with the Electronic Case Files System of the Western District of Texas on September 6, 2012.

*/s/* SHANNA ELIZABETH MOLINARE
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, SHANNA ELIZABETH MOLINARE, Assistant Attorney General of Texas, do hereby certify that a true copy of **Defendants Kosmalski and Zarate's Partial Motion to Dismiss** has been served upon all counsel of record via electronic filing notification on September 6, 2012.  In addition, a courtesy copy has been sent to:

Chad Van Brunt
202 E. Locust St.
San Antonio, TX 78212
*Attorney for Plaintiff*

*/s/* SHANNA ELIZABETH MOLINARE
**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General